IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INS. CO.,

    Plaintiff,                        No. CIV S-07-920 LKK KJM PS

    vs.

ARLENE CAFFEY, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Defendant Caffey's motion for summary judgment came on regularly for hearing August 6, 2008. Richard Walden appeared for defendant Caffey. Cross-defendant Willmon appeared in propria persona. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        This is an interpleader action in which the plaintiff life insurance company interpled funds payable as a death benefit. The stakeholder has been discharged and this matter was referred to the undersigned under Local Rule 72-302(c)(21).

        The life insurance policy at issue was provided by decedent's employer. There is no dispute that ERISA, 29 U.S.C. §§ 1001-1461, governs the disposition of the life insurance proceeds. Defendant Caffey is the former wife of decedent and was the named beneficiary on the

1

life insurance beneficiary designation form maintained by the plaintiff life insurance company. Cross-defendant Willmon is decedent's surviving spouse. Defendant Caffey moves for summary judgment.

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the

form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

Defendant Caffey moves for summary judgment on the grounds that the designation in the beneficiary form controls disposition of the life insurance proceeds from an ERISA plan. Cross-defendant Willmon argues that the divorce agreement between decedent and defendant Caffey constitutes a waiver of any claim defendant Caffey may have had to the insurance proceeds. This argument is unavailing.

Even if the divorce agreement constitutes a waiver of defendant Caffey's rights to the death benefit from the life insurance, it is ineffective to alienate defendant's Caffey's rights as the named beneficiary in an ERISA plan. See Hamilton v. Washington State Plumbing & Pipefitting Industry Pension Plan, 433 F.3d 1091, 1100 & n.10 (9th Cir. 2005) (citing with approval the position taken by the Third Circuit that waivers are not permitted and holding that a Qualified Domestic Relations Order ("QDRO") is necessary to alienate ERISA rights), cert. denied, __ U.S. __, 127 S. Ct. 86 (2006). Here, both parties concede that the divorce agreement does not qualify as a QDRO, a concession consistent with the requirements for a QDRO as set forth in Hamilton. Id. at 1097. Thus, the beneficiary form on file with the plaintiff life insurance company controls disposition of the death benefits in dispute. See Metropolitan Life Ins. Co. v. Buechler, 19 Fed. Appx. 678 (9th Cir. 2001) (payment must be made based on identification of beneficiary specified by plan documents).

Although cross-defendant Willmon contends decedent attempted to change the designated beneficiary on the applicable form, she has adduced no evidence that the beneficiary was in fact changed. In light of the express designation of defendant Caffey in the plan documents, defendant Caffey is entitled to summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Caffey's motion for summary judgment be granted;

2. The interpled funds be paid to defendant Caffey; and

3. Judgment be entered accordingly.

1. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2008.

_____
U.S. MAGISTRATE JUDGE

006
metrolife-caffey.57